IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DONAVON R. GARCIA,**

       **Plaintiff,**

v.                                  No. CIV-06-0019 JP/LAM

**STATE OF NEW MEXICO,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing *pro se*, and has moved for leave to proceed *in forma pauperis* ("IFP"). The required filing fee for this civil rights complaint is $250.00. Plaintiff will be required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's *pro se* complaint, the Court

applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff's good time credits have been miscalculated. As a result, he is serving more prison time than the state court imposed as his sentence. He does not specify the nature of relief that he seeks. The Court notes that Plaintiff made the same allegations in his habeas corpus petition, which has been dismissed without prejudice.[1]

Plaintiff's claim of confinement beyond his prison sentence appears to call into question the constitutionality of his incarceration. This claim is barred under the decision in *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), which held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Thus, a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. The *Heck* rule applies to a §1983 action based on denial of good time credit affecting the length of a sentence, *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997), and the complaint does not allege that Plaintiff's confinement has been terminated, *Heck*, 512 U.S. at 486-87, or that the calculation of his good time credit has been invalidated. *But see Fottler v. United States*, 73 F.3d 1064, 1065-66

---

[1]*See **Order of Dismissal** (Doc. 8)*, filed on April 19, 2006, in Case No. CIV-06-0036 MV/LAM, in the United States District Court for the District of New Mexico, dismissing Plaintiff's habeas corpus proceeding without prejudice.

(10th Cir. 1996) (noting that a plaintiff who succeeds in getting his conviction or sentence overturned may then bring § 1983 action).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 (*Doc. 2*) is **GRANTED**, and the initial partial payment is **WAIVED**;

**IT IS FURTHER ORDERED** that Plaintiff's complaint (*Doc. 1*) is **DISMISSED** without prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

**IT IS SO ORDERED**.

*[signature: James A. Parker]*

**SENIOR UNITED STATES DISTRICT JUDGE**